Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| STANDARD FABRICS INTERNATIONAL, INC., a California Corporation, | Case No.: |
|---|---|
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| v. | 1. COPYRIGHT INFRINGEMENT; |
| MANNA TEXTILES, INC., a New York Corporation; RAINBOW USA, INC., a New York Corporation; LANY GROUP, LLC, a New York Limited Liability Company; DGNY FASHIONS, a New York business entity of unknown form; and DOES 1 through 10, | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. DECLARATION OF INVALIDITY OF ALLEGED COPYRIGHT |
| Defendants. | Jury Trial Demanded |

- 1 -

COMPLAINT

Plaintiff STANDARD FABRICS INTERNATIONAL, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, STANDARD FABRICS INTERNATIONAL, INC. ("STANDARD") is a corporation organized and existing under the laws of the state of California with its principal place of business located in the Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant MANNA TEXTILES, INC., ("MANNA") is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant RAINBOW USA, INC., ("RAINBOW"), is a corporation organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant LANY GROUP, LLC ("LANY") is a limited liability company organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant

COMPLAINT

DGNY FASHIONS ("DGNY") is a business entity of unknown form, organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

9.  Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIM RELATED TO DESIGN 7465

11.  Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing, which is set forth hereinbelow. It allocated this artwork Plaintiff's internal design number 7465 (hereinafter the "Subject Design"). This artwork was a creation of Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

1

2

12. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

3

4

5

13. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries. A true and correct image of the Subject Design is presented below:

6

7

Subject Design:

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



28

- 4 -

COMPLAINT

14. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design by Plaintiff, MANNA, RAINBOW, LANY, DGNY, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design ("Subject Product"). Such Subject Product includes but is not limited to:

    a. MANNA fabric sold under, *inter alia*, Style No. PY-10281. Such Subject Products bore the MANNA label, indicating that said fabric was manufactured by, caused to be manufactured by, or supplied by MANNA. See below for true and correct images of an exemplar of such infringing fabric and the Subject Design:

<u>Subject Design</u>           <u>MANNA Subject Product</u>



a. RAINBOW garments sold under, *inter alia*, SKU or Style No. 001-998-8591. Such Subject Products bore the DGNY label and the RN Number 133820, identifying LANY, indicating that said garments were manufactured by, caused to be manufactured by, or supplied by DGNY and LANY. See below for true and correct images of one such infringing garment and the Subject Design:

<u>Subject Design</u>                <u>RAINBOW/DGNY/LANY Subject Product</u>

 

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory

COMPLAINT

damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

16. A comparison of the Subject Design and each non-exclusive exemplar of Subject Product makes apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

### **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

17. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

- 7 -

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

21. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

COMPLAINT

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All
Defendants)

25. Plaintiff repeats, realleges, and incorporates herein by reference as though
fully set forth, the allegations contained in the preceding paragraphs of this
Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants
knowingly induced, participated in, aided and abetted in and profited from the illegal
reproduction and/or subsequent sales of garments featuring the Subject Design as
alleged herein.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and
each of them, are vicariously liable for the infringement alleged herein because they
had the right and ability to supervise the infringing conduct and because they had a
direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and
vicarious infringement as alleged above, Plaintiff has suffered and will continue to
suffer substantial damages to its business in an amount to be established at trial, as
well as additional general and special damages in an amount to be established at
trial.

29. Due to Defendants', and each of their, acts of copyright infringement as
alleged herein, Defendants, and each of them, have obtained direct and indirect
profits they would not otherwise have realized but for their infringement of the
Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits
directly and indirectly attributable to Defendants' infringement of the Subject
Design, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and
each of them, have committed acts of copyright infringement, as alleged above,

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Declaration of Invalidity of Alleged Copyright – Against Manna Textiles, Inc.)

31. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. An actual controversy has arisen and now exists between Plaintiff and Manna Textiles, Inc. concerning whether Manna holds a valid copyright and registration in its PT-10281 design.

33. In response to Plaintiff's allegations of infringement of the Subject Design by Manna, Manna produced a purported copyright registration, registration number VAu 1-166-231, it alleges covers a design it refers to as "PT-10281" ("Manna's Design"). Manna's alleged copyright registration (the "Accused Registration") is attached hereto as **Exhibit A**.

34. Plaintiff is informed and believes and thereon alleges that Manna acquired the Accused Registration through fraud perpetrated by Manna on the United States Copyright Office.

35. Plaintiff is informed and believes and thereon alleges that Manna knowingly made false statements to the United States Copyright Office to secure the Accused Registration, absent which the United States Copyright Office would not have issued such registration.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

- 10 -

COMPLAINT

**Against Manna Textiles, Inc.**

36. With Respect to Plaintiff's Third Claim for Relief

    a.  For judgment declaring that Manna Textiles, Inc. holds no valid copyright registration in its "PT-10281" design.

**Against All Defendants**

37. With Respect to Each Claim for Relief

    a.  That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

    b.  That a constructive trust be imposed over the Infringing Product and any revenues derived from their sales;

    c.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    f.  That Plaintiff be awarded the costs of this action; and

    g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 15, 2016          By:   /s/ Scott A. Burroughs
                                     Scott A. Burroughs, Esq.
                                     Trevor W. Barrett, Esq.
                                     Attorneys for Plaintiff
                                     Standard Fabrics International, Inc.

- 12 -

COMPLAINT