LEWIS BRISBOIS BISGAARD & SMITH LLP
DEBORAH F. SIRIAS, SB# 102893
  E-Mail: Deborah.Sirias@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants MANNA TEXTILES, INC., RAINBOW USA, INC. and LANY GROUP, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>MANNA TEXTILES, INC., a New York corporation; RAINBOW USA, INC., a New York corporation; LANY GROUP, LLC, a New York limited liability company; DGNY FASHIONS, a New York business entity of unknown form; and DOES 1 through 10,<br><br>      Defendants. | CASE NO. 2:16-cv-01779 DSF (ASx)<br><br>[*The Hon. Dale S. Fischer – Courtroom 840 – Roybal*]<br><br>**ANSWER TO COMPLAINT BY DEFENDANT RAINBOW USA, INC.**<br><br>Action Filed:  March 15, 2016<br>Trial Date:    None Set |

Defendant Rainbow USA, Inc. ("Rainbow" or "Defendant"), through its undersigned attorneys, hereby answers Plaintiff Standard Fabrics International, Inc. ("Plaintiff")'s Complaint as follows:

## JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff's claims are based on alleged violations of the Copyright Act, but denies the merits of such claims.

4835-6005-5089.1

ANSWER TO COMPLAINT BY DEFENDANT RAINBOW USA, INC.

2. In response to paragraph 2 of the Complaint, Defendant denies that this Court has federal question jurisdiction under 28 U.S.C. § 1338(b), as Plaintiff has not asserted any claim for unfair competition in this action, but admits the allegations of the Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), and denies the merits of such claims.

3. Defendant denies the allegations of paragraph 3 of the Complaint.

### PARTIES

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, therefore, denies the same.

6. In response to paragraph 6 of the Complaint, Defendant denies the allegations contained therein except that it admits that it is a corporation organized under the laws of the State of New York and is doing business in (not with) the State of California.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, denies the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint and, therefore, denies the same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant denies the allegations of paragraph 10 of the Complaint.

## CLAIMS RELATED TO DESIGN 7465

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant denies all of the allegations of paragraph 14 and 14a. (on pg. 6) of the Complaint as to itself, and further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.a. (on p. 5) of the Complaint and, therefore, denies the same.

15. Defendant denies all of the allegations of paragraph 15 of the Complaint as to itself, and further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

17. Defendant restates and incorporates by reference its responses to paragraphs 1 through 16 above, as if fully set forth herein.

18. Defendant denies the allegations of paragraph 18 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

19. Defendant denies the allegations of paragraph 19 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

20. Defendant denies the allegations of paragraph 20 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

24. Defendant denies the allegations of paragraph 24 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

25. Defendant restates and incorporates by reference its responses to paragraphs 1 through 24 above, as if fully set forth herein.

26. Defendant denies the allegations of paragraph 26 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

27. Defendant denies the allegations of paragraph 27 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

30. Defendant denies the allegations of paragraph 30 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

### THIRD CLAIM FOR RELIEF

### (For Declaration of Invalidity of Alleged Copyright –

### Against Manna Textiles, Inc.)

31. Defendant restates and incorporates by reference its responses to paragraphs 1 through 30, as if fully set forth herein.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, denies the same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, therefore, denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, therefore, denies the same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and, therefore, denies the same.

### AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief therein, fails to allege facts sufficient to state a claim for relief against Defendant, including, but not limited to, failure to meet the standard of pleading set forth by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**SECOND AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that the Complaint, and the purported claims for relief contained therein, is barred (in whole or in part) by Plaintiff's fraud and/or deception in the copyright registration process (which, upon information and belief, includes, among other things, misrepresenting to the U.S. Copyright Office that it is the owner of the Subject Design, and that the Subject Design is an original work of authorship), for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred (in whole or in part) because of its anti-competitive intent and conduct, its misuse of its purported copyright and its abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred (in whole or in part) by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred (in whole or in part) by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred (in whole or in part) by the doctrine of release, waiver, and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred (in whole or in part) by the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to assert ownership of and identify a valid copyright.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's purported copyright and/or copyright registrations are invalid, void and unenforceable. Among other things, Defendant contends that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

(a) the registration for the purported copyright is a collection or compilation registration that contains material that is not original and/or protectable as a matter of law;

(b) the registration for the purported copyright is a collection or compilation registration that contains material originally developed by persons or entities other than Plaintiff; and/or

(c) the registration for the purported copyright is a collection or compilation registration that contains material found in the public domain.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint because, among other things, Plaintiff is not the owner of the Subject Design.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Subject Design is not an original work of authorship and thus is not entitled to copyright protection.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendant because the Subject Product is not substantially similar in overall appearance to the Subject Design.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on its claims against Defendant because to the extent Plaintiff may be entitled to any copyright protection in the Subject Design, such protection is extremely thin, and Plaintiff will not be able to establish infringement under the principles governing thin copyrights.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant infringed any copyright interest purportedly held by Plaintiff relating to the Subject Design, which it denies, it did so with innocent intent.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by its failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendant with respect to the Subject Design.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred because it has failed to join indispensable parties, including without limitation, others claiming ownership of or other interests in the purported copyright in the Subject Design, all of whom who are necessary for a complete and full adjudication of Plaintiff's claims, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrine of consent, in that Plaintiff consented to the acts it now complains of, as evidenced by, among other things, its purposeful distribution of copies of the Subject Design into the public domain, and deliberate allowance of such design to be copied freely outside the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the *scenes a faire* and/or merger doctrine, in that, among other things, Plaintiff's purported Subject Design is ordinary, commonplace, or standard in the relevant art or industry.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's purported damages are subject to apportionment — if Plaintiff is entitled to any damages, which it is not, it is only entitled to recover Defendant's profits attributable to the particular complained-of textile print, not the entirety of Defendant's profit from the sale of the Subject Product.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that the allegedly infringing design was independently created.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to allege additional affirmative defenses as they may become known, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Rainbow USA, Inc. prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing from Defendant by virtue of its Complaint;

2. That judgment be entered in favor of Defendant, and against Plaintiff;

3. That Defendant be awarded its cost of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| 1 | DATED: May 19, 2016 |

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Deborah F. Sirias
 Deborah F. Sirias
 Attorneys for Defendants MANNA TEXTILES, INC., RAINBOW USA, INC. and LANY GROUP, LLC